# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MARTIN CREUTZ,** individually and on behalf of all others similarly situated, | Case No. 1:24-CV-00447 |
| Plaintiff, | **Judge Jeffery P. Hopkins** |
| v. | |
| **CARESPRING HEALTH CARE MANAGEMENT, LLC**, | Complaint filed August 23, 2024 |
| Defendant. | |
| **PHYLLIS GLASS,** individually and on behalf of all others similarly situated, | Case No. 1:24-CV-00450 |
| Plaintiff, | **Judge Matthew W. McFarland** |
| v. | |
| **CARESPRING HEALTH CARE MANAGEMENT, LLC**, | Complaint filed August 26, 2024 |
| Defendant. | |
| **BONNIE COGSWELL,** individually and on behalf of all others similarly situated, | Case No. 1:24-CV-00451 |
| Plaintiff, | **Judge Jeffrey P. Hopkins** |
| v. | |
| **CARESPRING HEALTH CARE MANAGEMENT, LLC**, | Complaint filed August 26, 2024 |
| Defendant. | |

| | |
|---|---|
| **KATHY VALENTINE and TIFFANY CALLAHAN, II,** individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>**CARESPRING HEALTH CARE MANAGEMENT, LLC**,<br><br>                    Defendant. | Case No. 1:24-CV-00481<br><br>**Judge Susan J. Dlott**<br><br>Complaint filed September 4, 2024 |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

Plaintiffs Martin Creutz, Phyllis Rice, Bonnie Cogswell, Kathy Valentine, and Tiffany Callahan, II, (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Motion to Consolidate ("the Motion") of the above-captioned related actions, as well as any subsequently filed or transferred related action, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)").

Four related actions (*Creutz v. Carespring Health Care Management, LLC*, No. 1:24-CV-00447; *Glass v. Carespring Health Care Management, LLC*, No. 1:24-CV-00450; *Cogswell v. Carespring Health Care Management, LLC*, No. 1:24-CV-00451; and *Valentine, et al. v. Carespring Health Care Management, LLC*, No. 1:24-cv-000481)[1] with common questions of facts and law are currently pending before this Court (collectively, the "Related Actions"). The Related Actions each arise from the same operative facts surrounding a cyberattack on Defendant's computer systems in or around November 2023. For these reasons and the reasons set forth in the accompanying Memorandum in Support, Plaintiffs respectfully ask for this Court to grant

---

[1] The original Complaint in the *Valentine* action named as defendant Carespring Health Care Holdings, L.P., which is located at the same address and registered to the same agent as Carespring Health Care Management, LLC. On September 5, 2024, an Amended Complaint was filed substituting as defendant Carespring Health Care Management, LLC for ease of consolidation.

Plaintiffs' Motion to Consolidate along with the proposed briefing schedule contained therein. A proposed order is submitted for the Court's consideration.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTFFS' UNOPPOSED MOTION TO CONSOLIDATE

### I. INTRODUCTION

Each Related Action arises from the same set of operative facts involving a cyberattack on Defendant Carespring Health Care Management, LLC's ("Carespring" or "Defendant") computer systems in October of 2024 ("the Data Breach"). As discussed below, each Related Action raises the same questions of fact and law. As such, to avoid unnecessary cost and delay, Plaintiffs Martin Creutz, Phyllis Rice, Bonnie Cogswell, Kathy Valentine, and Tiffany Callahan, II, (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum in Support of the Motion for Consolidation ("the Motion"), pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") and Local Rule 3.1(b)(3).

### II. PLAINTIFFS' COMMON FACTUAL ALLEGATIONS.

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same Data Breach of Defendant's computer systems. *Creutz*, ECF No. 1, ¶ 3; *Glass*, ECF No. 1, ¶¶ 1, 3-5; *Cogswell*, ECF No. 1, ¶¶ 1, 17; *Valentine*, ECF No. 4, ¶¶ 1, 5, 13. Each of the Related Actions name the same Defendant, which is health care provider located in Ohio and Kentucky and a principal place of business located in Loveland, Ohio. *Creutz*, ECF No. 1, ¶ 24; *Glass*, ECF No. 1, ¶ 18; *Cogswell*, ECF No. 1, ¶ 24; *Valentine*, ECF No. 4, ¶ 20. Plaintiffs are all current or former patients, employees, and/or customers of Defendant, who received the same notice letter from Defendant notifying them that their Private Information was compromised in a Data Breach of Defendant's systems in October of 2023. *Creutz*, ECF No. 1, ¶ 34; *Glass*, ECF No. 1, ¶ 98; *Cogswell*, ECF No. 1, ¶ 2; *Valentine*, ECF No. 4, ¶¶ 33, 142, 149. The

types of sensitive information exposed involved in each Related Action include: full names, Social Security numbers, dates of birth, addresses, driver's license numbers, U.S. Passport numbers, financial information, health insurance information, medical diagnosis and treatment information, credit card information, and tax identification numbers ("Private Information"). *Creutz*, ECF No. 1, ¶ 1; *Glass*, ECF No. 1, ¶ 1; *Cogswell*, ECF No. 1, ¶ 1; *Valentine*, ECF No. 4, ¶ 5. Furthermore, Plaintiffs commonly allege that the same types of cybersecurity failures created the risk and allowed the Cyberattack to occur. *Creutz*, ECF No. 1, ¶ 12; *Glass*, ECF No. 1, ¶ 13; *Cogswell*, ECF No. 1, ¶ 9; *Valentine*, ECF No. 4, ¶¶ 2-4.

### III.  PLAINTIFFS' COMMON LIABILTIY ALLEGATIONS

In addition, the Related Actions each advance at least one common theory of liability among various other claims, which include the following causes of action against Defendant: (i) negligence, (ii) negligence per se; (iii) breach of contract, (iv) breach of implied contract, (v) unjust enrichment, (vi) and breach of fiduciary duty, (vii) invasion of privacy, and (viii) declaratory relief. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of each Plaintiff and the putative Class.

### IV.  PLAINTIFFS SEEK COMMON REMEDIES UNDER SIMILAR CLASS DEFINTIONS.

Each Related Action seeks nationwide class action treatment and requests the same types of remedies and compensation for the individuals impacted by the Data Breach. Among other common remedies, each Related Action seeks compensatory damages related to economic losses alleged to be caused by the Cyberattack. *Creutz*, ECF No. 1, ¶ 18; *Glass*, ECF No. 1, ¶ 157; *Cogswell*, ECF No. 1, ¶ 108; *Valentine*, ECF No. 4, ¶¶ 16-17. Furthermore, Plaintiffs each seek to certify the following damages classes with substantially similar class definitions:

| *Case Name* | Class Definition |
|---|---|
| *Creutz v. Carespring* (Doc. 1, ¶ 141) | Nationwide Class: "All United States residents whose Private Information was actually or potentially accessed and acquired during the Data Breach for which Defendant Carespring provided notice beginning on or around August 15, 2024 (the "Class")." |
| *Glass v. Carespring* (Doc. 1, ¶ 125). | Nationwide Class: "All individuals who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach." |
| *Cogswell v. Carespring* (Doc. 1, ¶ 26). | Nationwide Class: "All individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendant on or before July 16, 2024." |
| *Valentine, et al. v. Carespring* (Doc. 4, ¶ 156). | Nationwide Class: "All individuals who reside in the United States whose Private Information was exposed in the Data Breach involving Defendant." |

As such, the Related Actions present common factual and legal questions, which will involve the same and/or similar discovery. Consolidation of this litigation under Rule 42(a) would promote efficiency in the discovery process, consistency in judicial rulings, and would reduce duplication, costs, and delay.

V. **ARGUMENT**

By this motion, Plaintiffs request that the Related Actions—which involve common questions of fact and law and seek to certify materially similar classes—be consolidated.

I. **The Related Actions should be consolidated to reduce costs and delay.**

Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which

provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Bell v. Willis*, No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007) ("Federal Rule of Civil Procedure 42(a) provides the Court with discretion in deciding whether to consolidate two or more cases when they involve a common question of law or fact. Fed. R. Civ. P. 42(a)2; *see also*, *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-1011 (6th Cir.1993). A district court is given "broad discretion to decide whether consolidation would be desirable." 9 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (2d ed. 2007)").

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the Data Breach. Specifically, each of the Related Actions focuses on whether Defendant is liable to its current and former patients and customers for its failure to protect their private Sensitive Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty, involve the same defendant, involve the same Data Breach, and involve the same or similar types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery, that consolidation would add efficiency and consistency in judicial rulings, and that consolidation would reduce delay and cost. *See Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay

and to maximize judicial resources.").

Indeed, absent consolidation, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary strain on judicial resources. This is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. For these reasons, Ohio federal courts have routinely consolidated cases where several complaints are filed relating to the same data breach. *See generally Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00055-DRC (S.D. Ohio); *In re Luxottica of America, Inc Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio; Doc. 5); *Tucker v. Marietta Area Health Care, Inc. d/b/a Memorial Health System*, No. 2:22-cv-00184-SDM (S.D. Ohio; Doc. 6), *Davis v. Cinfed Federal Credit Union*, No. 1:23-cv-00776 (S.D. Ohio; Doc. 8).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with this case. *See, e.g.*, *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co*., 337 F.R.D. 405, 411 (S.D. Ohio Jan. 15, 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action."); *In re Luxottica of America*, No. 1:20-cv-00908-MRB (S.D. Ohio; Doc. 5, ¶ 5) ("Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply hereto…").

Defendant will suffer no prejudice by litigating one consolidated action rather than four—or more—separate suits.

**II.    Proposed Scheduling Order**

For efficiency purposes, the Parties have conferred, and Plaintiffs propose the following schedule for upcoming briefing:

1. Counsel for Plaintiffs shall seek appointment as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3) within 14 days from the Court's approval of the Motion to Consolidate;

2. Plaintiffs shall file a consolidated amended complaint within 30 days from the Court's Order Appointing Interim Class Counsel; and

3. Defendant shall have 45 days from filing of the consolidated amended complaint to file an Answer or Motion to Dismiss, Plaintiffs shall have 30 days thereafter to file their opposition to a Motion to Dismiss, and Defendant shall have 21 days thereafter to file a reply in support.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes.

Dated: September 6, 2024,   Respectfully submitted,

*/s/ Joseph M. Lyon*
Joseph M. Lyon (0076050)
Kevin M. Cox (0099584)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*
*kcox@thelyonfirm.com*

Terence R. Coates (85579)
Dylan J. Gould (97954)
Isabel C. DeMarco (103550)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700

Fax: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*
*idemarco@msdlegal.com*

Philip J. Krzeski (0095713)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue, Suite 1700
Minneapolis, MN 55401-2138
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
*pkrzeski@chestnutcambronne.com*

Tyler J. Bean (pro hac vice to be filed)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (212) 532-1091
*tbean@sirillp.com*

Scott Edward Cole, Esq. (pro hac vice to be filed)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
*sec@colevannote.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy of the foregoing Motion was mailed to Defendant on September 6, 2024, via U.S. Postal Service. Parties may access this filing through the Court's system.

*/s/ Joseph M. Lyon* _____
Joseph M. Lyon (0076050)